LUIS M. VÉLEZ, Petitioner and Appellee, v. MUNICIPAL COURT OF PONCE, SECOND SECTION, Respondent and Appellant; ARTURO CINTRÓN E HIJO, Intervener and Appellant.

No. 9127. Argued December 26, 1945.—Decided January 28, 1946.

*Sergio León Lugo* for appellants.   *Luis A. Limeres* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Arturo Cintrón e Hijo, a commercial partnership, brought, in the Municipal Court of Ponce, an action of debt against J. Carmelo Rodríguez, Antonio Martín Cruz, and Luis M. Vélez, alleging that Rodríguez owed plaintiff $282.42 and had made a simulated transfer of his commercial establishment to the other two defendants. The plaintiff applied for and obtained an order for the attachment of property belonging to the defendants; he designated the goods existing in the establishment which, according to the complaint, belonged to Rodríguez, as the property to be attached; and the goods were attached. Subsequently, the names of Antonio Martín Cruz and Luis M. Vélez were stricken out as parties defendant, at their instance, and a default judgment was entered against J. Carmelo Rodríguez. After the judgment had become final (*firme*), Vélez filed a petition for leave to intervene, alleging that he was the sole owner of the attached property, and praying that the court so decree, dissolving the attachment and staying the proceedings in the case until his complaint in intervention should be determined. The court denied the petition; whereupon Vélez applied to the district court for a writ of certiorari, and that court entered an order setting aside the attachment levied and the judgment rendered against J. Carmelo Rodríguez, and granting Vélez leave to intervene "if he should deem himself to be an interested party." From that order the partnership Arturo Cintrón e Hijo, intervener in the certiorari proceeding before the district court, has taken the present appeal.

The nineteen errors assigned as committed by the lower court may be reduced to three, namely, the granting to Vélez of leave to intervene, the setting aside of the judgment against J. Carmelo Rodríguez, and the vacation of the attachment. Let us consider the question of intervention.

■■ The appellant maintains that the petition for intervention filed by Vélez came too late, and that Vélez could not properly intervene after he had requested and obtained the striking out of his name as a party defendant. The appellant confuses the main action of debt with the incidental proceeding in attachment to secure the judgment. Vélez succeeded in having his name stricken out as a defendant in the action of debt; but he always asserted his interest in the attached property and sought to have the attachment vacated, filing for that purpose a motion which was denied "for the present," the grounds for such denial not appearing from the record. The intervention subsequently sought by Vélez had nothing to do with the complaint in the action of debt; it was confined to the assertion of his right to the attached property. The fact that a judgment had been entered in the action of debt did not preclude the intervention, which in no way affects the judgment. *Benítez* v. *Tabacaleros of Aibonito,* 50 P.R.R. 754. Vélez had the right to intervene for the purpose of setting up his title to the attached property. *Reyes & Pagán* v. *District Court,* 52 P.R.R. 633; *Casanova* v. *Municipal Court,* 41 P.R.R. 841. And that right having been denied by the municipal court, it was the duty of the district court on certiorari to correct the error thus committed. *Reyes & Pagán* v. *Municipal Court, supra.*

■ However, the district court, after correcting the error committed by the municipal court in refusing to grant Vélez leave to intervene, which was the only relief prayed for in the petition for certiorari, erred in vacating the judgment and the attachment. There is nothing in the record to show that the judgment is defective in any way; but even if it

were otherwise, the petitioner in the certiorari proceeding had not the slightest interest in the judgment rendered against J. Carmelo Rodríguez. Nor does the record justify the annulment of the attachment. The latter was considered void by the district court on the ground that certain property was attached as belonging to the three persons originally sued, to wit, J. Carmelo Rodríguez, Antonio Martín Cruz, and Luis M. Vélez, without "specifying to which of those persons it belongs, two of them... not being parties to the suit." The finding of the district court is not justified. Nothing appears from the record to show that the attached property belongs to either Antonio Martín Cruz or Luis Vélez. On the contrary, the complaint clearly indicates that the plaintiff considered the property levied upon as belonging to defendant Rodríguez, and on the basis of that theory he sued out the attachment. The fact that the attorney for the plaintiff directed the marshal to attach "property of the defendants" lacks importance, for it appears from the record that the property actually levied upon is the same which in the complaint is alleged to belong to defendant Rodríguez. Whether or not it belongs to Rodríguez or Vélez is precisely the question raised in the intervention sought by the latter, and the district court was not in a position to determine that question within the certiorari proceeding.

The judgment appealed from should be modified in the sense of striking out the pronouncements regarding the nullity of the judgment and of the attachment. and as thus modified, the judgment should be affirmed.